# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2022

Lyle W. Cayce
Clerk

No. 21-40723
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MONICA RUIZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CR-92-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Monica Ruiz pleaded guilty, pursuant to a plea agreement, to one count of wire fraud in violation of 18 U.S.C. § 1343, in connection with a scheme involving the use of wire transfers to defraud the victim. As part of her plea agreement, Ruiz generally waived her right to appeal her conviction

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40723

and sentence, although she reserved the right to challenge a sentence exceeding the statutory maximum or the effectiveness of counsel. She received a sentence of 97 months in prison, to be followed by a three-year term of supervised release, and was ordered to pay $4,851,971 in restitution.

In her sole ground for relief on appeal, Ruiz asserts that her plea was not supported by a sufficient factual basis. The waiver provision does not bar this argument. *See United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008). However, because Ruiz did not raise this claim in the district court, we review for plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). To prevail on plain error review, Ruiz must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if this showing has been made, this court will exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). "[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004).

In order to obtain a conviction under § 1343, the Government must establish that a scheme to defraud was "perpetrated by means of wire, radio, or television communication in interstate or foreign commerce." *United States v. McMillan*, 600 F.3d 434, 447 n.24 (5th Cir. 2010). Ruiz argues the factual basis is insufficient because the record does not include specific facts showing that any of the wire transfers of funds sent in furtherance of the scheme crossed state lines. It is well-established in this circuit that proof of an interstate transmission is required for a wire fraud conspiracy conviction. *See Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir. 1988). However, Count One of the indictment, to which Ruiz pleaded guilty, did state that as part of the scheme, a $1,500 wire transfer was sent "by means of wire communication in interstate and foreign commerce," and Ruiz admitted to this fact. Thus,

she has not shown any clear or obvious error. *See Puckett*, 556 U.S. at 135. Even if she had done so, she has not demonstrated that the alleged error affected her substantial rights, as she does not assert that she would not have pleaded guilty but for the error. *See Dominguez Benitez*, 542 U.S. at 83; *see also United States v. Castro-Trevino*, 464 F.3d 536, 540-44 (5th Cir. 2006) (applying *Dominguez Benitez* to a challenge to the factual basis).

Accordingly, the judgment of the district court is AFFIRMED.